UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RESHMA AMIN,                                                                             Case No.

                                Plaintiff,
               -against-                                                                **COMPLAINT**


ARTIST TRAVEL CONSULTANTS, LLC,
IRIS DERKE, and DANUTA GROSS,

                                Defendant.
-------------------------------------------------------------------X

Plaintiff, RESHMA AMIN, by and through her attorneys, THE LAW OFFICES OF WILLIAM CAFARO, complaining of the Defendants, hereby alleges as follows upon information and belief:

## *NATURE OF PROCEEDING*

1.     Plaintiff, a successful travel agent, formerly employed by the defendants pursuant to a written employment agreement, has been denied her rightfully earned commissions subsequent to her leaving the Defendants employ.

2.     In particular, Defendants have willfully breached the terms of the Plaintiff's employment agreement and New York's Labor Law by, *inter alia*, (1) willfully failing to pay commissions duly earned by the Plaintiff for deals she already closed; (2) willfully making illegal deductions from Plaintiff's wages; (3) failing to timely pay the Plaintiff's commissions; (4) failing to comply with the terms of the Plaintiff's

employment agreement; (5) any other claim(s) that can be inferred from the facts set forth herein.

## THE PARTIES

3. The Plaintiff RESHMA AMIN (hereinafter "Plaintiff" or "Ms. Amin") is an individual residing in the State of New Jersey.

4. For the purposes of diversity jurisdiction, Ms. Amin is a citizen of the State of New Jersey.

5. Upon information and belief, the defendant, ARTIST TRAVEL CONSULTANTS, LLC (hereinafter "Artist Travel") is a foreign limited liability company organized under the laws of the State of Delaware.

6. Upon information and belief, for the purposes of diversity jurisdiction, Artist Travel's is a citizen of the State of New York.

7. Upon information and belief, the principal place of business for Artist Travel is 250 West 57th Street, New York, NY 10107.

8. Upon information and belief, Defendant IRIS DERKE, (hereinafter "Derke") is an individual, whose actual place of business is located at 250 West 57th Street, New York, NY 10107.

9. Upon information and belied, for the purposes of diversity jurisdiction, Defendant Derke is a citizen of the State of New York.

10. Upon information and belief, at all times herein pertinent, Defendant Derke, served as a principal, officer and/or manager of Defendant Artist Travel.

11. As the principal, officer and/or manager, Defendant Derke had the authority to hire, fire, discipline, supervise and direct Ms. Amin, and administer the terms, conditions and privileges of her employment.

12. At all times herein relevant, upon information and belief, Defendant Derke is one of the ten largest members as determined by the fair value of the beneficial interest of Artist Travel.

13. Prior to the filing of this action, Defendant Derke was served with a notice pursuant to N.Y. Limited Liability Company Law § 609.

14. By operation of law, pursuant to the notices above, Defendant Derke is personally liable for unpaid wages to the Plaintiff.

15. Upon information and belief, Defendant DANUTA GROSS, (hereinafter "Gross") is an individual, whose actual place of business is located at 250 West 57th Street, New York, NY 10107.

16. Defendant Gross is the Director of Finance and Administration for Artist Travel.

17. As the Director of Finance, Defendant Gross had the authority to hire, fire, discipline, supervise and direct Ms. Amin, and administer the terms, conditions and privileges of her employment.

18. Upon information and belied, for the purposes of diversity jurisdiction, Defendant Gross is a citizen of the State of New York.

19. Upon information and belief, at all times herein pertinent, Defendant Gross, served as a principal, officer and/or manager of Defendant Artist Travel.

20. At all times herein relevant, upon information and belief, Defendant Gross is one of the ten largest members as determined by the fair value of the beneficial interest of Artist Travel.

21. Prior to the filing of this action, Defendant Gross was served with a notice pursuant to N.Y. Limited Liability Company Law § 609.

22. By operation of law, pursuant to the notices above, Defendant Gross is personally liable for unpaid wages to the Plaintiff.

## *JURISDICTION AND VENUE*

23. Jurisdiction is based upon 28 U.S.C. § 1332, insofar as it involves Defendants who are citizens of the states of New York for the purposes of diversity jurisdiction, and a Plaintiff who is a citizen of the State of New Jersey for the purposes of diversity jurisdiction.

24. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

25. Venue is based upon 28 U.S.C. § 1391(b) subd. (1) and (2), insofar as the Defendants reside in this judicial district, and substantially all of the events giving rise to the within cause of action plead herein occurred within the district.

## *FACTUAL ALLEGATIONS*

26. At all times herein pertinent, Artist Travel is a full service travel company.

27. Plaintiff was employed by Artist Travel from on or about August 28, 2017 until on or about November 19, 2018.

28. Ms. Amin was an employee of Artist Travel.

29. Ms. Amin worked as a commissioned salesperson for Artist Travel.

30. Her duties included but were not limited to, the sale of travel and lodging to Defendants' customers.

31. As part of her employment, Ms. Amin executed an employment agreement with the Defendants.

32. Payment of commissions were covered by express provisions within the employment agreement between the parties.

33. Specifically, the employment agreement obligated the Defendants to pay Ms. Amin 30% of all revenue relating to sales she made for Defendants.

34. Although the Defendants regularly paid Ms. Amin this commission, they failed to pay Ms. Amin her agreed commissions for sales she made beginning November 2018.

35. Termination of employment and commission and compensation subsequent to termination are also expressly covered by the employment agreement.

36. Upon information and belief, pursuant to the employment agreement, former employees are entitled to continue to receive commission on transactions.

37. Defendants failed to pay Ms. Amin all of the commissions owed to her for various transactions she participated in while employed by the Defendants.

38. Since receiving her notice of termination Ms. Amin has made several good faith attempts to have Defendants' pay the outstanding commissions owed herin.

39. Defendants continue to disregard their obligations under the employment agreement by failing to *inter alia*, pay Ms. Amin her duly earned wages.

40. Defendants behavior, as evidenced above, demonstrates the willfulness of their conduct.

41. All of the sales made by Ms. Amin were made in the Defendants' office located in Manhattan, New York.

42. Upon information and belief, at of the end of her employment with the Defendants, the total commissions owed to Ms. Amin was approximately $85,000.00.

**AS AND FOR A FIRST CAUSE OF ACTION
AGAINST THE DEFENDANTS, AND EACH OF THEM
(Failure to Timely Pay Commissions in Violations of N.Y Lab. Law § 191)**

43. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

44. Under N.Y. Labor Law § 191, Defendants were to pay the Plaintiff all of the commissions due and owing to her.

45. Defendants failed to pay Plaintiff all of the commission wages due and owing to the Plaintiff.

46. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of commission wages, in an amount to be established at trial, plus interest, liquidated damages, attorneys' fees and costs.

**AS AND FOR A SECOND CAUSE OF ACTION
AGAINST THE DEFENDANTS, AND EACH OF THEM
(Unlawful Deduction From Wages in Violation of N.Y Lab. Law § 193)**

47. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

48. Under N.Y. Labor Law § 193, as amended, it is unlawful for an employer to make deductions from the wages of an employee, unless those deductions are (a) made in accordance with a law or a governmental agency rule or regulation, (b) expressly authorized in writing by the employee and are for the benefit of the employee, (c) related to recovery of an overpayment of wages where such overpayment is due to a mathematical or other clerical error by the employer; or (d) related to advances of salary or wages made by the employer to the employee.

49. At all relevant times herein, the parties had an agreement pursuant to which Plaintiff would be entitled to commissions as part of her compensation, and/or the

actual policy and practice of Defendant established that Plaintiff was entitled to commissions as part of her compensation.

50. Within the applicable statute of limitations, Defendants unlawfully and willfully deducted the commissions earned by Plaintiff from her wages.

51. Alternatively, within the applicable statute of limitations, Defendants unlawfully and willfully deducted some of the commissions earned by Plaintiff from her wages.

52. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of commission wages, in an amount to be established at trial, plus interest, liquidated damages, attorneys' fees and costs.

**AS AND FOR A THIRD CAUSE OF ACTION
AGAINST THE DEFENDANTS, AND EACH OF THEM
(Failure to Timely Pay Commissions in Violations of N.Y Lab. Law § 190)**

53. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

54. Plaintiff was an employee of the Defendants as defined in N.Y. Labor Law § 190.

55. Defendants were Plaintiff's employer as the term is defined in N.Y. Labor Law § 190.

56. The commissions owed by the Defendants to the Plaintiff are "wages" within the meaning of N.Y. Labor Law § 190.

57. Defendants knowingly failed to pay Plaintiff her earned commissions in accordance with the agreed upon terms of her employment agreement and as required by statute, in violations of N.Y. Labor Law § 190.

58. Defendants' failure to pay Plaintiff's earned commissions, were willful.

59. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of commission wages, in an amount to be established at trial, plus interest, liquidated damages, attorneys' fees and costs.

### ***AS AND FOR A FOURTH CAUSE OF ACTION***
### ***AGAINST THE DEFENDANTS, AND EACH OF THEM***
### **(Breach of Contract)**

60. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

61. The employment agreement referenced above is a valid enforceable contract.

62. Plaintiff has at all times complied with her obligations under the employment agreement.

63. Defendants have breached the employment agreement by failing to pay commissions due and owing to the Plaintiff under the contract to the detriment of the Plaintiff.

64. These commissions constitute "wages" within the meaning of N.Y. Labor Law § 190.

65. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, in an amount to be established at trial.

**WHEREFORE**, Plaintiffs pray for judgment as against the defendants, and each of them, as follows:

A. Declaring the Defendants to have violated the provisions of the NYLL as to the Plaintiff;

B. Finding that Defendants' violations of the NYLL as described above are found to be willful;

C. Awarding back pay for unpaid commissions due and owing to the Plaintiff;

D. Awarding back pay for unlawful deductions due and owing to the Plaintiff;

E. Awarding the costs and disbursements of this action, pre and post judgment interest, along with reasonable attorney's fees pursuant to the NYLL and/or other applicable statutes;

F. Awarding any other relief this Court deems just, proper and equitable.

Dated:  New York, New York
        July 16, 2019

                                          LAW OFFICES OF WILLIAM CAFARO

                                          _____
                                          By: Amit Kumar, Esq. (AK 0822)
                                          Attorneys for Plaintiff
                                          108 West 39th Street, Suite 602
                                          New York, New York 10018
                                          (212) 583-7400
                                          File No. 53024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RESHMA AMIN,                                                                                    Case No.

                               Plaintiff,
      -against-


ARTIST TRAVEL CONSULTANTS, LLC,
IRIS DERKE, and DANUTA GROSS,

                              Defendant.
-------------------------------------------------------------------X

## COMPLAINT

LAW OFFICES OF WILLIAM CAFARO
Attorneys for Plaintiffs
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
File No. 53024

13